# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 02-60053** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **CHARLES LEE GREEN** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Charles Lee Green. [rec. doc. 28]. The Government has filed an Answer and Memorandum in Support. [rec. doc. 93]. For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE.** Because the undersigned is able to make this recommendation based on the record, transcripts and briefs filed by the parties, no evidentiary hearing is necessary.[1]

## BACKGROUND

Petitioner, was named in a five count indictment which charged petitioner with distribution of cocaine base (on June 18, 2002), two counts of possession with intent to distribute cocaine base (on August 1, 2002), two counts of possession of a firearm by a convicted felon (on August 1, 2002) and a forfeiture count which sought forfeiture of the firearms identified in counts three and four.

---

[1] No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *United States v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

The government also filed an Information of Prior Conviction, listing three prior felony drug related offenses committed by petitioner, by which the government advised that it would seek statutory enhancement of the applicable penalty on petitioner's drug counts from a minimum of ten years to life to a minimum of twenty years to life, pursuant to 21 U.S.C. § 851. [rec. doc. 26].

On January 25, 2005, following an evidentiary hearing and two Reports and Recommendations by the undersigned, Judge Doherty granted petitioner's Motion to Suppress. [rec. docs. 29, 37, 54 and 57]. Accordingly, items seized from petitioner's residence on August 1, 2002, including the charged crack cocaine and firearms which formed the basis of counts two through five of the indictment, were suppressed.

Thereafter, on August 2, 2005, petitioner pled guilty to count one of the indictment, to wit, distribution of cocaine base on June 18, 2002. [rec. doc. 65]. In exchange for petitioner's plea, the government agreed not to seek enhanced statutory penalties, not to oppose any reduction for petitioner's acceptance of responsibility, to consider filing a motion under 5K1.1 of the U.S. Sentencing Guidelines (USSG) or pursuant to Rule 35 of the Federal Rule of Criminal Procedure and to dismiss the remaining counts of the indictment. [plea tr. pg. 11-14].

In connection with the plea, petitioner executed an Affidavit of Understanding of Maximum Penalty and Constitutional Rights in which he acknowledged, in writing, that he understood the charge to which he was to plead guilty, that he had been furnished a

copy of that charge and that he had been personally addressed by the Court and informed as to the maximum penalty which could be imposed for that charge, namely, a term of imprisonment of not less than ten years nor more than life, a fine of up to $4,000,000, a term of supervised release of not less than five years, and a special assessment of $100. Petitioner further acknowledged his understanding of his constitutional rights and acknowledged that he was aware that by pleading guilty he would waive those rights. Finally, he acknowledged, in writing, that his guilty plea was free and voluntary and made without any threats or inducements whatsoever. [rec. doc. 66-2].

The parties also entered into a written plea agreement in which petitioner acknowledged that the sentence which would be imposed against him would be governed by the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) and that he had discussed the Sentencing Guidelines and their applicability with his counsel. He further acknowledged his understanding that a final determination of the applicable guidelines range could not be made until the completion of the pre-sentence investigation and that his actual sentence would be in the discretion of the Court.

The government advised that it "may, but shall not be required, [to] make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines, [or] Rule 35(b) of the Federal Rules of Criminal Procedure, requesting the Court to depart downward in the event the defendant provides 'substantial assistance'", noting however, that the decision

3

to file such a motion "shall be in the sole and non-reviewable discretion of the United States Attorney" and that the government was making "no promise" that a motion for departure would be made or that any such motion would be granted.

Moreover, petitioner acknowledged, in writing, that he "understands that as part of the presentence investigation the government will make available to the Court all evidence developed in the investigation of this case." He also acknowledged that his plea was "entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney." [rec. doc. 66].

Prior to acceptance of petitioner's plea, Judge Doherty advised petitioner that should she accept his guilty plea, petitioner would waive his Constitutional right to trial by jury, his right to testify at trial, his right to call witnesses on his own behalf and to confront and cross-examine the government's witnesses, as well as his right against self-incrimination. Petitioner indicated that he was willing to waive these rights. [plea tr. pg. 6-7].

Judge Doherty also explained the nature of the charge against petitioner, expressly advising petitioner of each element that the government would have to prove beyond a reasonable doubt for petitioner to be found guilty. Petitioner acknowledged his understanding of the charge. [plea tr. pg.7-9].

Petitioner was expressly advised by the Court of the mandatory minimum and maximum penalty for the crime to which he was to plead guilty, that is, "a minimum

mandatory term of confinement of 10 years up to a maximum of life imprisonment", to which petitioner acknowledged his understanding. [plea tr. pg. 9]. The Court further confirmed that petitioner had discussed the mandatory minimum 10 years to life possible sentence with his attorney. [plea tr. pg. 20]. Judge Doherty additionally verified petitioner's understanding that the only way that the mandatory minimum would not apply in his case was if the government would file a motion on his behalf; however, the government was not required to file that motion. [plea tr. pg. 12-13, 14].

Judge Doherty confirmed that petitioner had been advised about the *Blakely* and *Booker* decisions and that the Court was no longer bound by the Guidelines, but that the Court must reference and address them and be guided by them. [plea tr. pg. 12]. However, Judge Doherty advised that she would not be able to determine what Guideline sentence range might apply to petitioner until after the Pre-Sentence Investigation Report ("PSI") had been completed; petitioner again acknowledged his understanding. [tr. pg. 20-21]. Judge Doherty further confirmed that petitioner and his attorney had discussed how the Guidelines might apply in petitioner's case. [plea tr. pg. 20].

Judge Doherty expressly confirmed that petitioner understood the concept of "relevant conduct" and that the Court could consider such conduct in determining petitioner's sentence. [tr. pg. 15, 21]. In fact, during the plea hearing, although petitioner stated that he and his counsel had previously discussed this concept, Judge Doherty nevertheless required petitioner and his counsel to again confer on this issue to be certain that petitioner indeed understood the concept. [plea tr. pg. 21-22]. In response to defense

counsel's suggestion that the evidence suppressed as a result of petitioner's motion to

suppress should not be considered for sentencing purposes, the following transpired:

Court: Let's talk about that, Mr. Green.  You need to understand.

Defendant: I already know Judge.

Court: Okay.  I can still look at it if I decide I want to, I think.  I'd have to double check it, but I think I can if I wish.

Defendant: I know you can, Judge, but I sure hope you don't.

Court: Well spoken like an honest man.  At least a candid man.  All right.  Well, as long as you understand that I can.

Defendant: I know you can.

Court: And the mere fact that the government says they aren't going to push it doesn't mean that I might not look at it, so you need to know that, okay?

Defendant: All right.

Court:  Okay.  All right.

Mr. Clemmons: And Judge, for the record, that quantity is 262 grams of crack.

Court: I remembered it was a lot.  Had memory of that.

                    *                    *                    *

Court: You're hesitating, why?

Defendant: The amount.

Court: The amount.

Defendant: Yes, but you know, I understand.

Court: You understand. The government says they are not going to push it.

Defendant: Okay.

Court: Mr. Marx is going to say, hey, Judge, I don't think you should look at it, but it's going to be up to me, I think. I'll look at the law, but I think it's going to be up to me, and I think I probably can because it's a different legal standard, okay? Now whether I will or I won't, I have no idea. I won't know until I get my whole packet and I sit down and roll up my sleeves and start working through it.

Defendant: Okay.

Court: But you need to know the possibility could be that I might. You need to know that.

Defendant: All right.

[plea tr. pg. 15-17].

Prior to acceptance of the guilty plea, Judge Doherty again verified petitioner's understanding that the evidence which had been suppressed could be considered by the court as follows:

Court: Okay. Now you and Mr. Marx talked about the concept of relevant conduct and how it might impact your sentence? . . .You understand what other relevant conduct means and how it might impact your sentence, Mr. Green?

Defendant: Yes, Judge, I understand.

Court: All right. ...Now at this time the government is aware of the 331 grams of cocaine base that they say you possessed with the intent to distribute or distributed. Now do you understand, as we've talked about, it could still come back to be a quantity you might have to deal with in you sentence?

Defendant: I understand, Judge.

*          *          *

Court: And don't get me wrong, Mr. Green, I'm not chomping at the bit to look at it. But if I can, I want you to understand that before you plead. I don't want you to plead without understanding that that could happen to you.

Defendant: I understand, Judge.
[plea tr. pg. 21-23].

Moreover, Judge Doherty confirmed that petitioner understood that the conduct associated with the counts which the government had agreed to dismiss (the firearms and drug counts based on the guns and drugs which were the subject of petitioner's successful motion to suppress) could be considered by the court in sentencing, as follows:

Court: Okay. And do you understand, as the government is agreeing not to prosecute other counts or charges, but that this conduct can nonetheless find its way into the presentence report, and it might be a factor I look at when I'm deciding your actual sentence. You know that?

Defendant: Yes, Judge.
[plea tr. pg. 21].

Judge Doherty also confirmed that petitioner's plea was freely and voluntarily entered. She verified that petitioner was satisfied with the representation that his attorney, Mr. Marx, had provided. [plea tr. pg. 5]. Petitioner admitted that he had not been threatened by anyone or forced to plead guilty. [plea tr. pg. 10-11]. Petitioner also admitted that no one had made any promise, other than those contained in the plea agreement, which may have induced him to plead guilty. [plea tr. pg. 19].

At the conclusion of the proceedings, after receiving a written and verbal stipulated factual basis for the plea, petitioner's guilty plea was accepted by the Court and a PSI was ordered. [plea tr. pg. 18-19, 23-24; rec. doc. 66-3].

8

In the PSI, petitioner's base offense level was calculated using the quantity of cocaine base to which petitioner plead guilty (69 grams) and the quantities of cocaine base which had been previously suppressed for purposes of trial (.41 grams and 262 grams) and which was the subject of the counts which the government had agreed to dismiss in exchange for petitioner's guilty plea. [PSI ¶ 7 and 12]. The PSI also contained a two level enhancement for possession of the firearm which had been previously suppressed and which had been the basis for counts three and four which the government had agreed to dismiss in exchange for petitioner's guilty plea. [PSI ¶ 7, 13].

Moreover, based upon petitioner's extensive criminal history, the PSI contained a career criminal enhancement. [PSI ¶ 20]. Thus, even considering petitioner's three level adjustment for his acceptance of responsibility, the PSI calculated petitioner's total offense level as level 34. [PSI ¶ 22]. Had petitioner not been deemed a career criminal, his total offense level would have been 33. [PSI ¶ 19]. Based on petitioner's total offense level of 34, and petitioner's criminal history category VI, the Guideline range was determined to be 262 to 327 months imprisonment.

Following the preparation of the PSI, defense counsel filed a Sentencing Memorandum in which he argued for leniency. Specifically, counsel argued that although petitioner had an extensive criminal history, in light of the fact that he was 54 years old and that his recent criminal history included no violent offenses, the fact that most of the offenses were drug related, and given that petitioner had cooperated with the government

and had provided valuable information to the government at substantial personal risk to his safety, a sentence closer to the Guidelines minimum was appropriate. [rec. doc. 70].

On March 23, 2006, petitioner appeared for sentencing. [rec. doc. 73]. At the conclusion of the proceeding, Judge Doherty sentenced petitioner to 25 years imprisonment. [rec. doc. 75]. In so doing, Judge Doherty noted that a departure outside the Guidelines range was not appropriate given that petitioner had previously benefitted from a Rule 35 motion filed on his behalf which had significantly reduced a previously imposed federal sentence for which petitioner was still on supervised release at the time of the instant offense. [sent. tr. pg. 17-21].

Petitioner's judgment of conviction and sentence were affirmed on direct appeal by the Fifth Circuit. The Fifth Circuit expressly rejected petitioner's claims that the court erred in declining to depart downward during sentencing and that the court failed to treat the Guidelines as advisory in violation of *Booker*. With respect to the latter argument, the Fifth Circuit found that the district court was aware of the advisory nature of the Guidelines and hence, there was no *Fanfan* violation, explaining that *Fanfan* error "is found where the district court applied the mandatory Guidelines to enhance a defendant's sentence absent any Sixth Amendment *Booker* error." Moreover, the Fifth Circuit found that "the district court properly calculated the applicable guideline sentencing range . . . ." [rec. doc. 85].

In the instant motion to vacate, petitioner asserts the following claims for relief: (1) that his guilty plea was not voluntarily, knowingly and intelligently entered; (2) that his sentence was imposed in violation of his Sixth Amendment rights as set forth by the United States Supreme Court in *United States v. Booker*, -- U.S. --, 125 S.Ct. 738 (2005); and (3) that he received ineffective assistance of counsel because his attorney, G. Paul Marx, failed to challenge the PSI on grounds that it charged behavior based on suppressed evidence found in petitioner's home, and failed to advise petitioner that he would be treated as a career offender under the Guidelines.

## LAW AND ANALYSIS

### Claims Properly Considered in this § 2255 Motion/Scope of Review

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of relief is actually narrow:

> Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing

of cause and prejudice. *Id.* Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

*United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998), *reh. denied* (1998).

An error of law does not provide a basis for *habeas* relief under § 2255 unless it constitutes "a fundamental defect" causing a "complete miscarriage of justice." *Brecht v. Abrahamson*, 507 U.S. 619, 634, fn.8, *reh. denied,* 508 U.S. 968 (1993) (*quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *United States v. Green,* 882 F.2d 999, 1008 (5th Cir.1989). The issues presented in the instant case are either contrary to law or plainly refuted by the record. Accordingly, no evidentiary hearing is necessary. The issues presented can be resolved by considering the briefs filed by the parties and the court record.[2]

## I. Knowing, Voluntary and Intelligent Nature of the Plea

Petitioner complains that his plea to count 1 of the Indictment was not knowingly, voluntarily and intelligently entered because he was led to believe that the evidence which was inadmissible at trial, namely the firearms and drugs seized on August 1, 2002 which

---

[2]The Fifth Circuit has cautioned that district courts "should not ordinarily attempt to resolve contested issues of fact based on affidavits alone unless there is other evidence in the record dispositive of the issue . . . ." *United States v. Severin*, 1996 WL 107239 (5th Cir. La.1996) *citing United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) and *Owens v. United States,* 551 F.2d 1053, 1054 (5th Cir. 1977). In this case, there is other evidence in the record supporting the government's contentions. Accordingly, summary disposition is proper.

were the subject of counts 2-4 of the Indictment, would not be used in determining petitioner's sentence. Petitioner asserts that had he known this "inadmissible"evidence would be considered in determining his sentence, he would not have plead guilty to count 1 of the Indictment. By reply, petitioner admits that during the plea hearing the court advised petitioner that it "may look at relevant conduct centered around inadmissible evidence . . . [and that he] readily agreed with the court that the court could consider said evidence." However, petitioner asserts that since he was cooperating with the government, he thought the court would not consider the inadmissible evidence. He further asserts that he believed that the court would "acknowledge the 5K1 factor" and depart downward. [rec. doc. 99, pg. 1-2].

It is clear that petitioner's challenge to his guilty plea is procedurally barred; the claim is also without merit. To be constitutionally valid, a guilty plea must be knowing and voluntary. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989). Accordingly, the court may not accept a guilty plea unless the defendant enters the plea voluntarily and with a complete understanding of the nature of the charge and the consequences of his plea. This standard is rooted in the due process clause of the Constitution and is applicable in both state and federal courts. *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) *citing McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441 (1970) and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

A guilty plea that was not knowingly, voluntarily, and intelligently entered is invalid. *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996). However, a federal *habeas* court will uphold a guilty plea "if it is shown by the record . . . that a defendant understood the charge and its consequences when he pled guilty." *Deville v. Whitley,* 21 F.3d 654, 657 (5th Cir. 1994) *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117 (1985). A defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id. quoting Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977). Moreover, any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him and "the consequences" of a guilty plea. *United States v. Briggs*, 939 F.2d 222, 227 (5th Cir.1991); *United States v. Pearson,* 910 F.2d 221, 223 (5th Cir.1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991). A plea is "intelligent" if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their

technical legal effect. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) *citing Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992). A guilty plea is intelligent even if the trial court fails to specifically explain the offense or its elements to the defendant if the record shows that the defendant understood the charge and its consequences. *United States v. Reyna,* 130 F.3d 104, 110 (5th Cir.1997), *cert. denied*, 523 U.S. 1033, 118 S.Ct. 1328, 140 L.Ed.2d 489 (1998); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.1986); *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir.1987). However, the defendant must understand what he is being charged with. *United States v. Suarez*, 155 F.3d 521, 524-25 (5th Cir.1998).

The "knowing" requirement means that a defendant must understand "the consequences" of a guilty plea, that is, the defendant must know the maximum prison term and fine for the offense charged. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) *citing Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982), *cert. denied*, 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982); *Ables v. Scott*, 73 F.3d 591, 592-93 n. 2 (5th Cir.1996), *cert. denied*, 517 U.S. 1198, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996) *citing United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990).

In this case, the record is clear that petitioner's plea was entered knowingly, voluntarily[3] and intelligently. Petitioner was advised of the nature of the charge against him and acknowledged that he understood the charge. Petitioner was also advised of the

---

[3] Petitioner makes no allegation that his plea was "involuntary."

mandatory minimum and maximum prison term and fine for the offense charged both in writing and verbally by Judge Doherty. Petitioner unambiguously acknowledged that he understood the mandatory minimum and maximum penalties for his offense, that is, that the penalty for count one was a mandatory minimum of ten years up to a maximum of life imprisonment. Moreover, petitioner acknowledged in writing and orally his understanding that his sentence would be determined under the Guidelines as modified by the *Booker* decision, making the Guidelines advisory, and that the court, while no longer bound by the Guidelines, would nevertheless reference, address and be guided by them.

Petitioner was also advised that his Guideline range could not be determined until after the PSI had been completed, and that his sentence would be in the discretion of the court; petitioner acknowledged his understanding. Finally, petitioner acknowledged both in writing and orally, that he understood the Sentencing Guidelines and that he and his attorney had discussed how the Guidelines might apply in his case. Accordingly, petitioner's plea was properly accepted.

Further, contrary, to petitioner's original contention, the record is clear and unambiguous that petitioner was in fact advised that the court could, in its discretion, consider all of the evidence which had been found inadmissible at trial, as well as all of the conduct associated with the other counts which the government had agreed to dismiss, in determining petitioner's sentence. Judge Doherty thoroughly examined petitioner's understanding of the concept of relevant conduct and expressly confirmed petitioner's

understanding of this concept before accepting petitioner's guilty plea.

To the extent that petitioner now claims that his plea was invalid based on his erroneous belief that he would be granted a downward departure under 5K1.1 of the Guidelines, that claim is equally refuted by the record. Petitioner was advised in his plea agreement, and verbally by Judge Doherty during the plea hearing, that the filing of such a motion was within the sole and unreviewable discretion of the government, and that if the government chose not to file such a motion, there was nothing that Judge Doherty could do about it.

In sum, petitioner's sworn testimony during the plea hearing and the documents signed by petitioner in connection with his guilty plea belie any argument that petitioner's plea was unknowingly, involuntarily or unintelligently entered. In light of the above, petitioner is not entitled to *habeas* relief on this claim.

## II. *Booker* Violation

Petitioner contends that he was sentenced in violation of the principles set forth by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) because the court calculated his advisory Guideline sentencing range on the basis of facts (firearm and drugs) which where not found by a jury or admitted by him. It is clear that petitioner's *Booker* claim is procedurally barred (and may have already been rejected on direct appeal). The claim is nevertheless without merit.

In holding that the Sentencing Guidelines were advisory only, the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), eliminated the Sixth Amendment concerns that prohibited a sentencing court from finding all facts relevant to sentencing within the statutory punishment range. *See United States v. Prodencio,* 250 Fed.Appx. 43, 44 (2007) (unpublished) and *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Indeed, the *Booker* Court explained that "when a trial judge exercises his discretion to select a specific sentence within a defined [statutory] range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id*. at 233; *Mares*, 402 F.3d at 518. For a violation of 21 U.S.C. § 841(a)(1) involving over 50 grams of cocaine base, the statutory mandatory minimum sentence is 10 years and the statutory maximum term is imprisonment is life. Petitioner received a 25 year sentence which is within this statutory range. Hence, the court was within its constitutional authority in finding the facts that led to this discretionary sentence within the statutory range. No *Booker* violation occurred.

## III. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

18

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689-90. *See also Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985). Thus, this court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) *quoting Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir.1986).

*Strickland's* prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[4] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068. With respect to guilty pleas, the prejudice

---

[4]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.

When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) *quoting Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Thus, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996). However, petitioner's guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings. *Glinsey,* 209 F.3d at 392; *United States v. Bendicks*, 449 F.2d 313, 315 (5th Cir.1971). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392. A petitioner must affirmatively prove prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998). Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland'*s prejudice element." *Sayre*, 238 F.3d at 635. Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.*" Green,* 160 F.3d at 1043.

Petitioner contends that he was denied the effective assistance of counsel because his attorney, G. Paul Marx, failed to object to the court's consideration of evidence which was inadmissible at trial for purposes of petitioner's sentencing, and failed to advise petitioner that he would be subject to enhancement as a career offender pursuant to 4B1.1 of the Guidelines. Petitioner contends that, but for his counsel's failures, he would not have pled guilty. For the following reasons, these claims are without merit and accordingly, do not warrant *habeas* relief.

**Suppressed Evidence**

In determining the relevant facts at sentencing, the district court is not restricted to information that would be admissible at trial. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995); USSG § 6A1.3(a) ("the court may consider relevant information without

regard to its admissibility under the rules of evidence applicable at trial . . . .").  It is well settled that evidence suppressed for purposes of  trial because of a  violation of the Fourth Amendment may nevertheless be considered in determining a defendant's sentence range under the Guidelines.[5]  *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181-1182 (5th Cir. 1995) *citing* USSG § 6A1.3(a), and *United States v. Robins*, 978 F.2d at 891-892 *citing United States v. Torres*, 926 F.2d 321, 325 (3rd Cir. 1991).

Indeed, every circuit, including the Fifth Circuit, has found that the exclusionary rule does not generally bar consideration of suppressed (illegally seized) evidence during sentencing proceedings for the purposes of making findings required under the Guidelines.  *See United States v. Acosta*, 303 F.3d 78, 84-86 (1st Cir. 2002) *citing United States v. Ryan*, 236 F.3d 1268, 1271-72 (10th Cir.2001), *United States v. Brimah*, 214 F.3d 854, 857-59 & n. 4 (7th Cir.2000) (holding that the exclusionary rule does not bar introduction of evidence seized in violation of the Fourth Amendment at sentencing, but leaving open question of whether the exclusionary rule applies when police intentionally act illegally to enhance defendant's sentence), *United States v. Tauil-Hernandez*, 88 F.3d 576, 581 (8th Cir.1996) (holding the exclusionary rule does not apply at sentencing), *United States v. Kim*, 25 F.3d 1426, 1435 & n. 8 (9th Cir.1994) (admitting evidence from an illegal search and seizure at sentencing, but leaving open the question of whether the rule applies when police intentionally act illegally to enhance defendant's sentence or had

---

[5]Petitioner does not argue that the illegally seized evidence was seized for the sole purpose of enhancing petitioner's sentence, nor does the record support any such argument

an "undue incentive" to so act), *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181 & n. 10 (5th Cir.1993) (holding the exclusionary rule is generally inapplicable to sentencing proceedings, but suggesting that illegally seized evidence could be excluded if it was seized for the sole purpose of enhancing defendant's sentence), *United States v. Jenkins*, 4 F.3d 1338, 1344-45 (6th Cir.1993) (permitting the use of illegally seized evidence after finding no indication that evidence was obtained to enhance defendant's sentence), *United States v. Tejada*, 956 F.2d 1256, 1263 (2d Cir.1992) ("Absent a showing that officers obtained evidence expressly to enhance a sentence, a district judge may not refuse to consider relevant evidence at sentencing, even if that evidence has been seized in violation of the Fourth Amendment."), *United States v. Lynch*, 934 F.2d 1226, 1236-37 & n. 15 (11th Cir.1991) (admitting illegally obtained evidence and reserving question of whether suppression would be necessary if illegal search was done with purpose of increasing defendant's sentence), *United States v. McCrory*, 930 F.2d 63, 69 (D.C.Cir.1991) (same) and *United States v. Torres*, 926 F.2d 321, 325 (3d Cir.1991) (same); *United States v. Nichols,* 438 F.3d 437 (4th Cir. 2006) *citing United States v. Lee,* 540 F.2d 1205, 1211 (4th Cir. 1976) and *Acosta, supra*.; *United States v. Harris*, 98 Fed.Appx. 240, 242 (4th Cir. 2004) (unpublished).

Moreover, sentencing courts may consider conduct of which a defendant has been acquitted and conduct which forms the basis of charges which have been dismissed. *See United States v. Watts*, 519 U.S. 148, 154, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997)

(concluding that "a sentencing court may consider conduct of which a defendant has been acquitted"); *United States v. Grissom*, 525 F.3d 691, 697-699 (9th Cir. 2008) (concluding that drug quantities stated in dismissed counts could be taken into account during sentencing); *United States v. Phillips*, 516 F.3d 479, 483 fn 4 (6th Cir. 2008) *citing United States v. Hill*, 79 F.3d 1477, 1481 (6th Cir.1996) (finding that consideration of a dismissed firearm charge was not precluded during sentencing because "it is well settled in this circuit that conduct forming the basis for counts dismissed pursuant to a plea agreement may be considered in determining a defendant's base offense level under the Sentencing Guidelines"); *United States v. Vital*, 68 F.3d 114, 118-119 (5th Cir. 1995) *citing United States v. Byrd*, 898 F.2d 450, 452 (5th Cir. 1990) (conduct charged in dismissed counts of an indictment to which the defendant did not plead guilty may be considered as relevant conduct for sentencing purposes); *Byrd*, 898 F.2d at 452 *citing United States v. Taplette*, 872 F.2d 101, 106 (5th Cir. 1989) ("This court has made clear that the guidelines allow consideration of relevant conduct of which the defendant has not been convicted); USSG 6B1.2(a) ( "a plea agreement that includes the dismissal of a charge . . . shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted."); *United States v. Brown*, 260 F.3d 622 (5th Cir. 2001) (unpublished) (noting the district court was "fully authorized" to consider the conduct charged in a dismissed count as relevant conduct for sentencing purposes). *See also*

*United States v. Johnson*, 64 Fed.Appx. 416, (5th Cir. 2003) (unpublished) (considering upward departure under USSG 5K2.21 noting that "the guidelines allow consideration of dismissed counts as relevant conduct."); *United States v. Carter*, 150 Fed.Appx. 230 (6th Cir. 2005) (finding the court's consideration of dismissed count of being a felon in possession of a firearm as relevant conduct in its sentencing determination was proper).

In light of the overwhelming authority cited above, an objection by counsel to the court's consideration of evidence deemed inadmissible at trial, or to the consideration of conduct underlying the dismissed counts, would have clearly been meritless. Counsel need not make a frivolous objections or a futile motion. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) *citing Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . ."); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) *citing Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). Petitioner has not satisfied the first *Strickland* requirement. Thus, *habeas* relief is not warranted with respect to this claim.

**Career Offender Status**

Petitioner next argues that his lawyer provided him with ineffective assistance by failing to inform him of the possibility that he would be classified as a career offender by the Guidelines and thus subjected to a higher sentencing range mandated for serious,

repeat offenders. However, petitioner's argument, which must be construed as an argument that his counsel's ineffectiveness rendered his guilty plea involuntary (*see Gliney, supra.*), is foreclosed by Fifth Circuit precedent.  *See United States v. Pearson*, 910 F.2d 221 (5th Cir.1990) and *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir.1993).

In *Pearson*, the defendant challenged "the validity of his guilty plea and his sentence on the grounds that he was not informed, prior to entry of his plea, of the applicability of the Guideline § 4B1.1 career offender enhancement." *Pearson*, 910 F.2d at 222.  Pearson was told, apparently by both the prosecutor and his own attorney, that he would not be sentenced as a career offender. *Id.*  However, Pearson's presentence report revealed that he had a more extensive criminal history than first suspected. *Id.* As a result, he was sentenced as a career offender. *Id.* The Fifth Circuit held that as long as a defendant is told the maximum possible sentence to which he can be subject, the defendant's Due Process rights have not been violated: "Due process does not mandate . . . either notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." *Id.* at 223.

In *Gracia*, the defendant claimed that he had relied on his attorney's erroneous prediction of what his sentence would be. *Gracia*, 983 F.2d at 629.  The Fifth Circuit denied the defendant relief, holding that because the "court [had] properly advised the defendant about the possible maximum penalty" the attorney's erroneous prediction was

"not a sufficient basis to set aside a guilty plea." *Id. citing United States v. Jones*, 905 F.2d 867, 868 (5th Cir.1990); *see also United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir.1993) ("[R]eliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary. As long as the defendant understood the length of time he might possibly receive he was fully aware of his plea's consequences."); *United States v. Smith*, 143 F.App'x 559 (5th Cir.2005) (unpublished) ("Smith . . . asserts that if counsel had informed him that the government was seeking to enhance his sentence as a career offender, he would not have pleaded guilty. As long as the defendant understood the length of time he might possibly receive, however, he was aware of the plea's consequences. Smith was informed . . . of the consequences of his plea. Smith has not established that counsel provided ineffective assistance or that, but for the alleged ineffectiveness, he would have proceeded to trial").

Thus, as long as petitioner "understood the length of time he might possibly receive he was fully aware of his plea's consequences." *See Santa Lucia*, 991 F.2d at 180; *Pearson, Gracia, supra*. In the present case, as discussed above, before accepting petitioner's guilty plea, the court informed petitioner that he could be sentenced to not less than ten years up to a maximum of life imprisonment. Petitioner further acknowledged this possible penalty range in writing, and petitioner indicated that he understood this penalty range orally. Because petitioner knew the maximum possible sentence to which he was subject and because his actual sentence did not exceed the maximum allowable,

petitioner's plea was voluntary and his contention that he was denied effective assistance of counsel necessarily fails.

Even assuming counsel failed to inform petitioner of the risks attendant to classification as a career criminal, petitioner's rights were not prejudiced. *See United States v. Regester*, 2008 WL 1766981, *1-2 (W.D.La. 2008) (rejecting an identical claim of ineffective assistance of counsel based on counsel's alleged failure to advise of the applicability of the 4B1.1 enhancement because the record demonstrated that the defendant was advised of, and understood, the maximum possible statutory penalty); *Cruz v. United States*, 2007 WL 2752440, *3 (S.D.Tex. 2007) (same); *see also United States v. Mullen,* 2006 WL 2794317, *4-5 (S.D.Miss. 2006) (record failed to demonstrate that but for counsel's failure to realize the petitioner would be sentenced as a career offender he would not have plead guilty).

Moreover, this court's records do not support petitioner's belated assertions.[6] To the contrary, the records before this court refute petitioner's contention. Even if counsel was unaware of the extent of petitioner's prior record, petitioner certainly knew of his own criminal record. Although petitioner now asserts that had he known he would be subject

---

[6]This distinguishes the Fifth Circuit's unpublished opinion in *United States v. Nation*, 229 Fed.Appx. 288 5th Cir. 2007) wherein the court remanded a similar ineffective assistance of counsel claim for an evidentiary hearing because the record contained proof that, had it not been for his counsel's erroneous advice that the petitioner would not be subject to the career offender enhancement, the defendant would not have pled guilty. During a hearing on the defendant's motion to withdraw, defense counsel indicated to the court that the "sticking point" in plea negotiations was the career offender enhancement and that it was not until after counsel assured the defendant that the enhancement was inapplicable that he changed his mind and agreed to plead guilty. Thus, the record did not conclusively demonstrate that the defendant was not entitled to relief on his claim. Here, this court's record contains no such evidence in support of petitioner's claim, but rather demonstrates the opposite.

to the career offender enhancement provided for in section 4B1.1, he would not have plead guilty, this court's records indicate the contrary. In connection with petitioner's prior federal sentencing, petitioner was deemed to have been a career offender under USSG § 4B1.1, and his guideline range was determined accordingly. *See United States v. Charles Lee Green*, 96:60039-01 (W.D.La.), PSI ¶ 54 (determining petitioner's offense level under § 4B1.1 career criminal provision to be 34) and ¶ 69 (determining petitioner's criminal history category to be VI under the § 4B1.1 career criminal provision). Thus, despite petitioner's self-serving conclusory allegations, petitioner's current claim of ignorance and prejudice is refuted by this court's records: Petitioner had previously been determined to fit the criteria for application of the career offender provision set forth in USSG § 4B1.1, and he must therefore have known that the probability existed that he would again be determined a career offender under that provision after having pled guilty to the additional drug charges. In short, petitioner has not demonstrated a reasonable probability that, but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. *See Gliney,* 209 F.3d 392*; Sayre*, 238 F.3d at 635; *see also Green,* 160 F.3d at 1043; *Lamb*, 179 F.3d at 359. The second *Strickland* prong is not satisfied and relief is therefore not warranted.

Based on the foregoing reasons, the undersigned recommends that Charles Lee Green's § 2255 petition be **DENIED and DISMISSED WITH PREJUDICE.**

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed July 26, 2008, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE